Hillsborough,
No. 5842.

STATE

*v.*

RALPH M. HOWARD.

Argued January 7, 1969.
Decided September 30, 1969.

*George S. Pappagianis,* Attorney General, and *David H. Souter,* Assistant Attorney General (*Mr. Souter* orally), for the State.

LAMPRON, J. Motion by the State to dismiss defendant's appeal for failure to prosecute. Defendant Howard was indicted on September 13, 1967 for the crime of obtaining money under false pretenses. RSA 580:1. On November 15, 1967, a jury was impaneled for trial of this indictment with Clifford J. Ross, Esq., a member of the bar of this State, appearing as private counsel for the defendant. On November 17, in open court with the jury and his counsel present, defendant stated, in response to questions by the Trial Justice (*Flynn,* J.), that he appreciated he had a constitutional right to a jury trial but that he agreed to waive such a trial and he executed a written waiver thereof.

The matter then proceeded to trial before the Court with Attorney Ross representing the defendant. At the close of the testimony, the Trial Court took a view of the premises involved. After argument of counsel, the Court, on September 20, 1967, found the defendant guilty of the crime charged in the indictment. Defendant was then sentenced to serve 6 months in the House of Correction, placed on probation for 4 years thereafter, and ordered to make restitution in the amount of $1,600. Execution of the sentence was stayed pending appeal to this court.

On January 22, 1968, *Dunfey,* J. entered the following order: "Exceptions waived for failure to prosecute appeal. Judgment

on verdict. Defendant ordered to appear and show cause why sentence should not be carried out." On February 5, 1968, the following order was made by *Grant,* J.: "Defendant to file Reserved Case by 12 noon February 7, 1968 or *mittimus* to issue." The case for transfer was filed on February 9, 1968 and the appeal received and entered in this court on August 26, 1968.

Upon entry, in accordance with the rules (Supreme Court Rules, 5, 6, RSA ch. 490 App.) the matter was set for hearing at the November 1968 session of the court. Defendant's brief was ordered filed by September 17, 1968. No brief was filed by the defendant on that date or at any time.

By letter dated November 22, 1968 and sent certified mail return receipt requested, the Clerk of this court notified the defendant that Clifford J. Ross, Esq. who represented him at that time was unwilling to continue as counsel. "Since Mr. Ross will no longer represent you it will be incumbent upon you to file a brief personally or to engage the services of an attorney to do so for you. If you are indigent and unable to pay for the services of an attorney this court will assign an attorney to you if you so request and recommend the name of an attorney . . . . This case will not be heard at the December session but will be again in order for argument at the January 1969 session."

Again by letter sent by certified mail return receipt and dated December 27, 1968, the Clerk informed the defendant where and when his case was to be heard. "The case is scheduled to be heard Tuesday January 7, 1969 at 2 o'clock. You should be present at that time to present any oral argument you may wish to make, otherwise oral argument on your behalf will not be heard."

On January 3, 1969, the State filed the present motion to dismiss the appeal for failure to prosecute and mailed a copy to the defendant at North Hampton in this state. The defendant did not appear or file a brief.

On January 24, 1969, the defendant, in a telephone conversation, informed the Clerk that he was out of the state on January 7, 1969. The Clerk informed him "that the court would receive any brief or memorandum which he may wish to file provided it is filed · promptly." Defendant informed the Clerk he would file "something" in ten days. Nothing has been received from the defendant or anyone on his behalf.

This court by rules in effect since January 1, 1961 has permitted the use of the original transcript on appeal and has eliminated the requirement of printed briefs. Rules of Supreme Court, 6, 7, RSA ch. 490 App. The obvious purpose of these rules was to make the appellate proceedings "as inexpensive and expeditious as possible." *State* v. *Hazzard,* 104 N. H. 94, 95.

The record clearly demonstrates that the defendant knew that if he was indigent he had a right to counsel on appeal and that he had a right to counsel paid by the State if he so desired. RSA 604-A (supp). There is no indication in the record that he was indigent. On the contrary, the record shows that he agreed to pay a fee of $100 per day to an expert who testified for the defense. Consequently, the constitutional requirements which surround an appeal by an indigent defendant are not relevant to this case. Const. Pt. 1, *Art.* 15th; *Westberry* v. *State,* 254 A. 2d 44 (Me., 1969).

This court has demonstrated, by its rules, as previously stated, and by its long-standing practice, a solicitous regard for the right of a defendant, who so desires, to obtain appellate review of his conviction. However, when as in this case, a defendant has clearly demonstrated by his actions, or rather inaction, that he does not intend to prosecute his appeal and no reason appears why he should be permitted further to pursue it, dismissal is in order. 5 Am. Jur. 2d., Appeal and Error, *s.* 915, *p.* 346; 24A C.J.S., Criminal Law, *s.* 1825 (5); See *Peel* v. *United States,* 408 F. 2d 495 (5th Cir. 1969).

State's motion to dismiss the appeal is granted and the case remanded to the Superior Court.

*Remanded.*

All concurred.